## John C. Page *et al.,* Executors, *versus* Edward Page.

In an action by an executor, upon a promissory note due to the testator, brought for the benefit of the residuary legatee who had indemnified the executor against costs, it was *held*, that, as the executor was a party of record, he was not a competent witness for the defendant, although released by him.

In the same action, the defendant offered in evidence a petition of the residuary legatee to the judge of probate, under the *St.* 1783, *c.* 32, § 11, which alleged that the residuary legatee had reason to believe, that the defendant had concealed the note in question, in pursuance of which petition the defendant was cited before the probate court and answered. It was *held*, that the petition was inadmissible.

The question, whether the loss of a promissory note has been sufficiently proved to entitle the plaintiff to introduce secondary evidence of its contents, is to be determined by the court, and not by the jury.

In an action by the two executors of a will upon a promissory note made to the testator, the affidavit of both the executors, dated February 14, 1832, was filed in court, alleging that they had never had the note in their possession. Another affidavit of one of the executors, dated November 22, 1832, was read in evidence to the court, which alleged, that after the death of the testator, he had sent for a trunk belonging to the testator, which he had understood was in the hands of the defendant ; that he received the trunk without the key, which the defendant said was not in his possession ; that he had opened the trunk and looked over the papers therein carefully and that he had searched diligently among the papers of the testator, but that no such note had ever come to his knowledge or into his possession ; and that the other executor had had very little to do with the settling of the estate, and was then out of the country. It was *held*, that this was sufficient evidence of the loss of the note to entitle the plaintiffs to introduce secondary evidence of its contents.

In the same action, the court, in the charge to the jury, stated, that the affidavit dated November 22, 1832, was such evidence of the loss of the note, as to let in secondary proof of its contents, and that if the jury should be of opinion, upon the whole evidence, that it was not paid to the testator in his lifetime, but remained in the hands and custody of the defendant, at the time of the testator's decease, this would be sufficient to rebut the presumption of payment, arising from the non-production of the note by the plaintiffs. It was *held*, that these instructions were unexceptionable, although the affidavit was not read in evidence to the jury.

This was assumpsit by John C. Page and Kilby Page, the executors of the will of John Page, upon a promissory note, for $400, payable by the defendant to the testator.

Page
v.
Page.

At the trial, before *Shaw*, C. J., the note was not pro-. duced ; but the plaintiffs offered evidence to prove the existence, contents, and loss, of the note.

An affidavit of both of the plaintiffs, dated February 14, 1832, was filed in court, in which they declared that they, as executors of the will of the testator, had never had the note in their possession.

An affidavit of Kilby Page, dated November 22, 1832, was read, by which it appeared, that he had been the principal acting executor, and that the other plaintiff and executor was out of the country, and had had very little to do with the settlement of the estate, except to sign his name to papers ; that, some time after the will was proved, Kilby Page sent his boy for a small trunk belonging to the testator, which he had understood was in the hands of the defendant ; that the boy returned with the trunk, but without the key, which the defendant said was not in his possession ; that the witness opened the trunk and looked over the papers in it carefully, but whether this was in the presence of John C. Page, he did not recollect ; that there was no note for $400 therein, signed by the defendant ; and that although the witness had made diligent search among the papers of the deceased, no such note had ever come to his knowledge. This was ruled to be sufficient presumptive evidence of the loss of the note, to let in evidence of its contents.

The plaintiffs then offered evidence tending to show, that after the death of the testator, the defendant admitted that he had the note in his possession, stated the date and amount, and acknowledged that it was then due and that he was ready to pay it, whenever there was an executor qualified and authorized to receive payment.

These points were controverted by the defendant, and the evidence was left to the jury to decide upon the facts of the execution and the terms of the note.

One ground of the defence was that the note had been paid, but no evidence was offered on this point, the defendant relying upon the presumption arising from the non-production of the note

In the progress of the trial, it appeared that John Wade

junior, the grandson of the testator, was the residuary legatee and devisee under the will ; that he had lately become of age, and that this action was prosecuted by the plaintiffs for his benefit and at his request and expense ; and that he had indemnified them. Whereupon the defendant offered Kilby Page as a witness, and proposed to release him ; but he was objected to as a party to the suit, and it was ruled that he was inadmissible. No release was actually tendered.

The defendant then offered in evidence a petition of John Wade junior, verified by his oath, which was presented to the judge of probate under *St.* 1783, *c.* 32, § 11, together with the interrogatories proposed to the defendant, in pursuance of such petition, and his answers thereto. The petition represented that the petitioner had reason to believe that the defendant had concealed, embezzled and conveyed away a promissory note for $400 signed by the defendant and belonging to the testator, and prayed that the defendant might be cited before the court of probate, and be examined upon oath for the discovery of the same. It appeared, that the defendant was thereupon cited before the probate court for the purpose of being examined on oath in relation to such note, and that he appeared and answered.

The petition with the interrogatories and answers were objected to as incompetent, and were rejected. It was then proposed by the defendant to read in evidence the petition, but it was held not to be competent evidence.

The jury were instructed, that ordinarily the non-production of a note by a party claiming under it, raised a presumption of payment ; and therefore that to entitle the plaintiffs to recover, it was not sufficient to prove merely the execution and contents of the note, without some evidence of the loss of it ; that here the affidavit of Kilby Page, stating that he had searched among the papers of the testator, and had not been able to find such a note, was such evidence of its loss, as to let in secondary proof of its existence and contents ; and that if the jury should be of opinion, upon the whole evidence, that it was not paid to the testator, in his lifetime, but remained in the custody of the defendant at the time of the testator's decease, this would be sufficient to rebut the

presumption of payment arising from the non-production of the note by the plaintiffs.

The jury returned a verdict for the plaintiffs.

The defendant moved for a new trial for the following reasons :

1. Because of the rejection of Kilby Page as a witness, although the defendant offered to release him, after it was proved that John Wade junior was the party in interest, and had indemnified the nominal plaintiffs.

2. Because the petition of John Wade junior to the judge of probate was ruled to be inadmissible in evidence.

3. Because the judge who tried the action, permitted the affidavit of one of the plaintiffs to be read to him, as a ground for admitting secondary evidence to the jury, of the existence and non-payment of the note in question, and in his charge commented on such affidavit, which had not been read to them in evidence, and stated, that it furnished sufficient evidence to rebut the presumption of payment arising from the non-production of the note by the plaintiffs, without which there was no satisfactory evidence tending to prove that the note had not been paid to them

If the Court should be of opinion that any one of these directions and decisions was erroneous, the verdict was to be set aside and a new trial granted ; otherwise judgment was to be rendered on the verdict.

*S. Hubbard* and *Osgood* for the defendant.   Under the circumstances, Kilby Page was a competent witness. *Norden* v. *Williamson*, 1 Taunt. 378 ; *Worrall* v. *Jones*, 7 Bingh. 395 ; *Goodtitle* v. *Welford*, 1 Doug. 139 ; 3 Stark. on Evid (Metc. edit.) 1061 ; 1 Phillipps on Evid. (6th edit.) 67 ; 2 Saund. on Pl. and Evid. 948 ; *Shaw* v. *Levy*, 17 Serg. & Rawle, 99 ; *Bauerman* v. *Radenius*, 7 T. R. 663.

The petition of John Wade junior was admissible in evidence as the declaration of a party in interest.   *Mauran* v. *Lamb*, 7 Cowen, 174 ; *Varick* v. *Jackson*, 2 Wendell, 201 ; *King* v. *Woburn*, 10 East, 395.

The affidavit of Kilby Page alone was not sufficient primary evidence of the loss of the note, to entitle the plaintiff to introduce secondary evidence of the contents of the note ;

Page
Page.

for he is only one of the executors, and the presumption is that both had possession of the papers. *Taunton Bank* v. *Richardson*, 5 Pick. 436. Further, the affidavit is insufficient in not stating, that there was such a note and that it was not paid, &c. *Davis* v. *Spooner*, 3 Pick. 284 ; *Bogart* v. *Brown*, 5 Pick. 18 : *Adams* v. *Leland*, 7 Pick. 62. A copy of the note should have been produced. *Peabody* v. *Denton*, 2 Gallison, 351 ; *Renner* v. *Bank of Columbia*, 9 Wheat. 581 ; *Jones* v. *Fales*, 5 Mass. R. 101. If the note was negotiahle, the affidavit was inadmissible. Roscoe on Evid. 147.

The sufficiency of the primary evidence is a question for the determination of the jury. *Coleman* v. *Wolcott*, 4 Day, 388 ; *Mather* v. *Goddard*, 7 Connect. R. 304 ; *Sims* v. *Sims*, 2 Constit. R. (South Carol.) 225. The affidavit was commented on in the charge, and the jury may have grounded their verdict on this affidavit, in regard to which the defendant was precluded from the right of cross-examination. *Beck ford* v. *Jackson*, 1 Esp. R. 337 ; *Read* v. *Brookman*, 3 T. R. 151.

*B. Sumner*, *Fay*, and *Chapman*, for the plaintiffs, cited, as to the admissibility of Kilby Page, 3 Stark. on Evid. 1061 ; *King* v. *Woburn*, 10 East, 395 ; *Norden* v. *Williamson*, 1 Taunt. 378 ; *Brown* v. *Brown*, 4 Taunt. 752 ; *Frear* v *Evertson*, 20 Johns. R. 142 ; *Fox* v. *Whitney*, 16 Mass. R 118 ; *Durant* v. *Starr*, 11 Mass. 527.

On the question of the admissibility of the petition, they contended, that although a bill in equity was admissible under some circumstances, yet it was only for the purpose of showing that such a bill existed and that certain matters were in controversy between the parties ; 9 Petersd. Abr. 200, note ; 1 Stark. Evid. 286 ; 1 Phillipps on Evid. (6th ed.) 341 ; Bull. N. P. 235 ; *Ferrers* v. *Shirley*, Fitzg. 196 ; 3 Dane's Abr. 380 ; *Doe* v. *Sybourn*, 7 T. R. 3 ; that even if a bill in equity was admissible as evidence of the facts alleged therein, there was no analogy between a bill in equity and this petition and the interrogatories, in which no facts are positively alleged ; and that the question whether the note was lost or not, was not for the determination of the jury, but of the court *Jackson* v. *Frier*, 16 Johns. R. 193.

PUTNAM J. delivered the opinion of the Court. There seems not to be much questionable matter of law in this case.

Page
v.
Page.
June 20th

The first objection to the proceedings at the trial is, that the chief justice erred in the rejection of Kilby Page as a witness, although the defendant offered to release him, after it was proved that John Wade, junior, was the party in interest, and had indemnified the nominal plaintiffs. In *Commonwealth* v. *Marsh*, 10 Pick. 57, the Court held, that " it is an inflexible rule of evidence, that parties of record, whether in civil actions or criminal prosecutions, are not admissible as witnesses." And the rule applies to nominal parties who are indemnified as to costs. The same rule was afterwards recognised in the case of *Columbian Manufacturing Co.* v. *Dutch*, 13 Pick. 125.

The next objection was, that the chief justice erred in the rejection of the petition of John Wade, junior, to the judge of probate, in relation to the note in question, Wade being the party in interest, and his petition being filed before the judge of probate, under and by virtue of *St.* 1783, *c.* 32, § 11.

That was a representation to the judge of probate by John Wade, junior, that he had reason to believe that the defendant had concealed, embezzled, and conveyed away a certain promissory note &c., belonging to the testator, and praying that he might answer upon oath. Process issued, and the defendant came before the Probate Court and answered. Now that proceeding is analogous to a bill in equity for discovery. It is very clear, that the plaintiff is at liberty to use the answer of the defendant to the bill, or not, as he may choose ; and the defendant cannot have the like privilege. Mr. *Dane* (3 Dane's Abr. 380) says, that the bill in equity is not evidence against the plaintiff in a court of law, to prove any facts alleged or denied in the bill. It is not evidence of the facts contained therein. *Doe* v. *Sybourn*, 7 T. R. 2. It is never admitted in evidence further than to show, that such a bill did exist and that certain facts were in issue between the parties, in order to let in the answer or depositions of the witnesses.

We think this objection cannot prevail.

It was also objected, that the chief justice erred in admit-

ting the secondary evidence as to the contents of the note, inasmuch as there was not sufficient primary evidence of the loss of it ; and it was suggested, though not much pressed, that the primary evidence was for the jury.

[Here the judge stated the contents of the affidavit of both of the plaintiffs, sworn to on February 14, 1832, and of that of Kilby Page, sworn to on November 22, 1832.]

Under such circumstances the chief justice permitted the plaintiffs to offer the secondary evidence to prove the contents of the note, notwithstanding the last affidavit was not made by John C. as well as by Kilby Page ; and we think the evidence of the loss was sufficiently proved. Kilby Page was the acting executor ; John C. Page was rather nominally than actively, the executor. The papers of the testator were received by Kilby, and examined by him. And we have no reason to suppose that the plaintiffs had the possession of the note. It is a bare possibility that John C. Page received the note, after he made the affidavit on February 14, 1832, and before November 22, 1832, when Kilby Page made his affidavit. But considering that John C. Page had left the country, and that Kilby Page always transacted the business, we are satisfied, that there was sufficient evidence for the pre siding judge to allow the plaintiffs to give secondary evidence of the contents.

We think very clearly, that the question whether secondary evidence should have been allowed or not, was for the court, and not for the jury, to determine. The jury might as well be called upon to decide upon the competency of any other evidence, as upon this. The court must decide what is and what is not competent evidence to be laid before the jury. That rule is just as clear, as is the rule, that after the evidence is submitted, the jury are to be judges of the credit and weight of it.

It was next contended for the defendant, that the judge who tried the cause ought not to have " commented on the affidavit of Kilby Page, which had not been read to the jury in evidence, and stated that it furnished sufficient evidence to rebut the presumption, arising from the non-production of the note by the plaintiffs, that it had been paid to them, and

without which there was no satisfactory evidence tending to prove, that the note had not been paid to them, after a period of five years."

It appears from the report, that evidence was offered by the plaintiffs tending to show, that after the death of the testator, the defendant admitted that he had the note in his possess on, and stated the date and the amount, and that he acknowledged that it was then due, and that he was ready to pay it whenever there was an executor qualified and authorized to receive it. And those points were controverted by the defendant, and the evidence was left to the jury to decide upon the facts of the execution and the terms of the note. It appears that the confessions of the defendant, that he had the possession of the note after the death of the testator, that it was due, and that he was ready to pay it, together with the evidence which the defendant produced to contradict those confessions, were submitted to the jury, to determine upon the defence of payment which was set up by the defendant. The only commentary made upon the affidavit was, an explanation of the reason why the court had admitted the secon dary evidence. It was entirely proper, as some of the jury, without such an explanation of the rule of the law touching secondary evidence, might have hesitated to give a verdict upon a note which was not produced. The whole charge, it seems to us, was unexceptionable upon that point.

The jury found a verdict for the plaintiffs. And we think the cause was fairly tried, and that the objections to the rulings and opinions of the presiding judge cannot be sustained.

*Judgment according to the verdict.*